IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROMESH KANDA,

      Plaintiff,                     No. CIV S-09-2197 GGH P

   vs.

JAMES WALKER, et al.,          <u>ORDER AND</u>

      Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 10, 2009, plaintiff filed a complaint and a motion for injunctive relief. Plaintiff, who is Hindu, alleges that he is being denied a diet in accordance with his religious beliefs in violation of the First Amendment. He does not proceed pursuant to RLUIPA, 42 U.S.C. § 2000cc, et seq. In his motion for injunctive relief, plaintiff seeks an order directing defendants to provide him with his religious diet.

       On August 17, 2009, in court file document # 5, the undersigned ordered service of the complaint. On that date, in court file document # 7, the undersigned also ordered defendants to file a response to the motion for injunctive relief on or before August 31, 2009. The undersigned ordered court file document # 7, as well as plaintiff's complaint and motion for injunctive relief, served on Supervising Deputy Attorney General Monica Anderson.

Defendants, through their counsel, did not respond to plaintiff's motion.

On September 4, 2009, the undersigned issued an amended order, court file document # 11, ordering defendants to respond to the motion for injunctive relief on or before September 22, 2009. The undersigned ordered court file document # 11, plaintiff's complaint and motion for injunctive relief served on Supervising Deputy Attorney Monica Anderson and defendant Warden Walker. Defendants, through their counsel, did not respond to plaintiff's motion.

For the reasons discussed below, the court recommends that plaintiff's unopposed motion for injunctive relief be granted.

At the outset, the court finds that defendants received notice of plaintiff's motion by way of the September 4, 2009, order, court file document # 11, and the motion itself which were served on defendant Walker and defense counsel. See Fed. R. Civ. P. 65 (court may issue preliminary injunction only on notice to the adverse party). See also Corrigan Dispatch v. Casa Guzman, 569 F.2d 300, 302 (5th Cir. 1978): "It is not grounds for reversal that the trial court's interlocutory order was issued prior to the time that appellant was made a party by substitute service of process. *Rule 65(a) does not require service of process.* The Rule does require notice to the adverse party. Appellant's attorney, Zaffirini, who later signed the Amended Interlocutory Order for Appellant, was served with written notice prior to issuance of the order in question. The sufficiency of written and actual notice is a matter for the trial court's discretion." (Emphasis added). Also Diamond Crystal Brands Inc. v. Wallace, 531 F. Supp. 2d 1366, 1370-71 (N.D. Ga. 2008).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76

(2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff, who is incarcerated at California State Prison-Sacramento (CSP-Sac), alleges that he is an Orthodox Hindu. Complaint, p. 3. Plaintiff alleges that his religion requires that he not eat any food that comes into any contact with meat. Id. Plaintiff alleges that defendants have denied his request for a diet in accordance with his religious beliefs in violation of the First Amendment.

Attached as Exhibit B to the motion for injunctive relief is a December 14, 2007, memorandum from the Jewish Chaplain, Rabbi Book, to Wm. Haythorne, Food Services Manager at CSP-Sac. In this memorandum, Rabbi Book states,

> Please be advised that the above mentioned inmate is Hindu and in need of a special diet, in keeping with his faith. This diet should be (a) non-meat products, (b) all utensils and kitchenware should be used for the preparation of this special diet only. This so as not to contaminate the food.
>
> ACCEPTABLE FOODS:
>
> * all vegetables.
> * all fruits.
> * all fish

Also attached as exhibits to the motion for injunctive relief are responses by prison officials to plaintiff's administrative grievances seeking a special diet. The Director's Level Decision, dated November 19, 2008, states, in relevant part:

> **I. APPELLANT'S ARGUMENT:** It is the appellant's position that Food Services staff have inappropriately denied him a special diet. The appellant relates that he requires a vegetarian meal with alternate entrees. The appellant acknowledges that he is not Jewish and does not qualify for a kosher meal; however, it is paramount to him that he be provided a Vegan diet. The reviewer points out that Rabbi I. Book, Jewish Chaplain, sent a letter to the Food Manager indicating the appellant requires a special diet. The appellant requests on appeal

3

that he be provided with a Kosher Vegan Diet.

**II. SECOND LEVEL'S DECISION:** The reviewer found that the appellant's claim is without merit. The reviewer affirms that the appellant is not authorized a kosher meal. The reviewer notes that through his own admission, he (the appellant) is not Jewish. The reviewer relates, "Food Managers in the CDCR are required to serve only the alternate entrees as mandated by the Department's standardized menu. These alternate entrees are based on a vegetarian premise; therefore, no Vegan alternate entrees are served." The reviewer notes that the CDCR does not currently recognize the Vegan Diet. The reviewer notes that a related CDC From 128-B, General Chrono, authored by E. Grant, Associate Warden (AW), states in part, "...to be issued vegetarian entrees as noted on the departmentally approved weekly menu." The related CDC 128-B makes no reference to Vegan substitutes. In that Food Service staff are providing the appellant alternate vegetarian entrees, the reviewer concludes that Food Service staff have fully complied with the directions documented in the related CDC 128-B. The appeal is denied at the Second Level of Review (SLR).

**III. DIRECTOR'S LEVEL DECISION:** Appeal is denied.
A. FINDINGS: The documentation and arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification in the SLR. There is no evidence that supports the appellant's contention that Food Service staff have failed to provide him with alternate Vegan entrees. The reviewer has demonstrated that Food Service staff were directed via a CDC 128-B authored by E. Grant, AW, to provide the appellant alternate vegetarian entrees. The examiner affirms that there is no mention of Vegan entrees documented in the related CDC 128-B. Developed information indicates that Food Service staff have fully complied with the direction documented in the related CDC 128-B, dated October 25, 2004. The examiner concurs with the SLR decision. Further review at the Director's Level of Review is not warranted.

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir.2008), Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.1997). To reach the level of a constitutional violation, "the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.' " Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir.1987)).

While inmates retain their First Amendment right to the free exercise of religion, a regulation impinging on an inmate's constitutional rights passes muster so long as it is

4

1  reasonably related to a legitimate penological interest. Henderson v. Terhune, 379 F.3d 709, 712
2  (9th Cir. 2004), citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S. Ct. 2400 (1987)
3  and Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254 (1987). The Turner test includes four
4  factors to determine if a prison regulation violates a prisoner's constitutional rights. "First, there
5  must be a valid, rational connection between the prison regulation and the legitimate
6  governmental interest put forward to justify it, and the governmental objective itself must be a
7  legitimate and neutral one. A second consideration is whether alternative means of exercising
8  the right on which the regulation impinges remains open to prison inmates. A third consideration
9  is the impact accommodation of the asserted right will have on guards, other inmates, and the
10 allocation of prison resources. Finally, the absence of ready alternatives is evidence of the
11 reasonableness of a prison regulation." Allen v. Toombs, 827 F.2d 563, 567 (9th Cir. 1987)
12 (citing Turner, 482 U.S. at 89-91); see also, Malik v. Brown III, 71 F.3d 724, 728-729 (9th Cir.
13 1995).

Before analyzing plaintiff's claim, the undersigned will clarify his understanding of plaintiff's diet. According to the memorandum prepared by Rabbi Book, plaintiff may eat fish, vegetables and fruit. The Director's Level Decision describes plaintiff's requested diet as a "vegan" diet. A vegan diet is a diet that prohibits the consumption of any animal products or byproducts. http://www.vegetarianvegan.com/Vegan_Vs_Vegetarian.html. Because plaintiff may eat fish, his is not a strict vegan. According to defendants, the Kosher vegetarian diet is not acceptable to plaintiff because it is not vegan. Presumably the Kosher vegetarian diet includes dairy products and eggs, which are prohibited by plaintiff's Hindu diet.

According to the memorandum prepared by Rabbi Book, plaintiff's Hindu religion requires that he eat only fish, vegetables and fruit. For that reason, defendants' refusal to provide plaintiff with this diet is a substantial burden on a belief that is central to his religious doctrine. Accordingly, the undersigned considers whether defendants' failure to provide plaintiff with his religious diet is reasonably related to a legitimate penological interest.

1           According to the Director's Level Decision quoted above, plaintiff is being denied
2   the Hindu diet because it is not authorized by the California Department of Corrections and
3   Rehabilitation (CDCR) standardized menu.  It is unclear on what regulation, if any, the
4   standardized menu is based.  In any event, the Director's Level Decision does not discuss why
5   the standardized menu does not authorize the diet plaintiff seeks.  Because defendants have not
6   responded to the pending motion, the undersigned can only speculate as to the reasons why
7   plaintiff's diet is not authorized.  However, the standardized menu authorizes Kosher vegetarian
8   diets.  As discussed above, the main difference between the diet plaintiff seeks and a vegetarian
9   diet is that plaintiff's diet precludes dairy products and eggs, which are allowed under a non-
10  vegan vegetarian diet.  This difference is not so substantial so as to justify defendants' refusal to
11  provide the diet.
12          There appears to be no alternative means for plaintiff to exercise his right.
13  Plaintiff cannot, for example, eat the Kosher vegetarian diet as it apparently includes dairy
14  products and eggs, consumption of which are prohibited by his religion.
15          Turning to the third Turner factor, according to Rabbi Book's memorandum,
16  plaintiff's special diet must be prepared with utensils that do not come into contact with any
17  animal products, apparently other than fish.  Presumably, prison officials do not use utensils or
18  pans used for preparing meat dishes in preparing the Kosher vegetarian diets.  Because the prison
19  kitchen is able to prepare the Kosher vegetarian diet, the impact of accommodating plaintiff's
20  diet on prison resources and staff is not great.  Providing plaintiff with this diet has no apparent
21  impact on other inmates.
22          As discussed above, the fourth Turner factor provides that the absence of
23  alternatives is evidence of the reasonableness of a regulation.  Consideration of this factor is
24  difficult in the instant case in that defendants did not rely on a regulation to deny plaintiff's
25  request for a Hindu diet.  Rather, they relied on a menu that does not mention a vegan diet.  The
26  undersigned does not find that absence of ready alternatives to providing plaintiff a Hindu vegan

diet weighs against plaintiff.

        For the reasons discussed above, the undersigned finds that defendants' refusal to provide plaintiff with a Hindu diet is not related to a penological interest.  Accordingly, plaintiff has shown that he is likely to succeed on the merits.  Because defendants are violating plaintiff's First Amendment rights by denying his request for a special diet, he is likely to suffer irreparable harm, i.e. the violation of his constitutional rights, in the absence of preliminary relief.  The balance of equities tips in his favor and an injunction is in the public interest.

        Accordingly, IT IS HEREBY ORDERED that:

        1. The Clerk of the Court shall assign a district judge to this action;

        2. The Clerk shall electronically serve a copy of these findings and recommendations on Supervising Deputy Attorney General Monica Anderson; the Clerk shall serve a copy of these findings and recommendations on Warden James Walker, California State Prison-Sacramento, P.O. Box 290066, Represa, CA, 95671-0066;

        IT IS HEREBY RECOMMENDED that:

        1. Plaintiff's August 10, 2009, motion for a preliminary injunction be granted;

        2. Within ten days of adoption of these findings and recommendations, defendants shall provide plaintiff with the diet described by Rabbi Book in the December 14, 2007, memorandum.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\

\\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 10/23/09
4                                                                  /s/ Gregory G. Hollows
5                                                                  UNITED STATES MAGISTRATE JUDGE
6
7  kan2197.57